FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 MAY 27 PM 1: 34

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KYLE MICHAEL BREWER | ) | INDICTMENT NO. CR696-00004-002 |

## ORDER

On February 10, 2009, Defendant filed a Request For an Order to Resentence Defendant due to Vacated Conviction and Sentence, and on March 2, 2009, the Government filed a response opposing Defendant's request.

On January 7, 2000, the Eleventh Circuit Court of Appeals vacated Defendant's conviction as to Count 6 of the Indictment (distribution of cocaine base) because it found that Count 6 was a lesser included offense of another count of conviction, Count 8, using a minor to distribute cocaine base. The Eleventh Circuit affirmed Defendant's conviction on the remaining counts (1, 5, 8 and 9) and, notably, did not remand the matter for resentencing.

In compliance with the Eleventh Circuit's order, this Court entered an amended judgment on February 10, 2000, which properly indicated that "the sentence originally imposed as to Count 6 is vacated pursuant to an order of the Eleventh Circuit Court of Appeals." Defendant's amended judgment reflected the same total custodial sentence ----life, plus 5 years— as his original judgment, since his conviction on Count 8 essentially controlled the length of the sentence.

As found in United States v. Jackson, 923 F.2d 1494, 1497 (11th Cir. 1991), "Where the entire sentencing package has not been set aside, a correction of an illegal sentence does not

constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous."

As pointed out by the Government, in this case the Eleventh Circuit did not set aside Defendant's entire sentencing package; it set aside only his conviction and sentence on Count 6, and left untouched his remaining convictions and sentences. The amended judgment entered by this Court was properly entered and did not impose a more onerous sentence. The Court is therefore satisfied that there exists no need, as Defendant claims, for the preparation of a new presentence investigation report or the holding of a resentencing hearing in his presence.

Based on the foregoing, the Court hereby **DENIES** Defendant's motion.

**SO ORDERED**, this 27th day of May, 2009.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia