IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 696-004 |
| | * | |
| KYLE MICHAEL BREWER | * | |

## O R D E R

This Court sentenced Defendant Kyle Michael Brewer to serve life plus five years in prison in 1996 following his conviction at trial for various cocaine and crack cocaine offenses. On September 8, 2015, the sentence was reduced to 387 months pursuant to 18 U.S.C. § 3582(c)(2). At present, Brewer has filed a "Request for Immediate Release Under the Holloway Doctrine." The Government opposes the motion.

Finality of criminal sentences is a hallmark principle of our judicial system. See Johnson v. United States, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); Teague v. Lane, 489 U.S. 288, 309 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect.") Brewer has a very long and vexatious history of attacking his criminal sentence, driving one of my brethren to twice enjoin

him from filing motions in his habeas case.[1] (Docs. 1062, 1096.) Nevertheless, in this instance, Brewer has seized upon what he perceives as a new opportunity to revisit his sentence based upon a decision out of the Eastern District of New York, United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Unfortunately for Brewer, his case is not the same as the case of Francois Holloway.

In the Holloway case, the United States Attorney for the Eastern District of New York, upon the entreaty of the sentencing judge, vacated two of Holloway's three 18 U.S.C. § 924(c) convictions because the resulting sentence was unjustly severe. Id. at 314-15. The United States Attorney also noted Holloway's "extraordinary" record while in the custody of the Bureau of Prisons. Id. at 315. Importantly, the Holloway court observed that its decision was not a threat to the rule of finality: "There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." Id. at 316.

As Brewer is surely aware, this Court cannot reduce a

---

[1] Both injunctions were vacated by the Eleventh Circuit as overbroad. (Docs. 1095, 1110.) There is currently no injunction in place against Brewer's filing activities, but he is forewarned that this district judge will not look any more favorably upon frivolous, repetitive, or harassing litigation than did the late Honorable B. Avant Edenfield.

2

sentence once it has been imposed except under three limited exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). This Court has no other broad inherent or residual power to reduce sentences. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Even the Holloway court recognized that there were "no legal avenues or bases for vacating" Holloway's sentence. 68 F. Supp. 3d at 314. Rather, the sentence reduction in Holloway depended entirely upon the acquiescence of the Government, i.e, by and through the prosecutorial prerogative of the Department of Justice.

In the case at bar, the Government has made clear that it is unwilling to consent to any relief for Kyle Michael Brewer. Without the Government's involvement, Holloway has no application here. Further, this Court is not inclined to intercede in this matter with the Department of Justice. Of note, the Eleventh Circuit affirmed the decision of the sentencing judge in 2012 to deny a sentence reduction to which Brewer was otherwise entitled after considering the factors of 18 U.S.C. § 3553(a). (See Order of March 6, 2012, Doc. 991, aff'd United States v. Brewer, No. 12-11431 (11th Cir. Sept. 17, 2013) (finding the district court did not abuse its discretion to deny the § 3582 sentence reduction), Doc. 1094.)

And although a different district judge ultimately reduced Brewer's sentence to 387 months, there was no indication that the 387-month sentence was thought to be unduly harsh. (See Doc. 1119.) Thus, another district judge and the court of appeals have already determined that Brewer's imposed sentence is not overly severe or manifestly unjust. The undersigned judge concurs.

Finally, the Court is constrained to note that Holloway is a district court decision and has no binding effect on this Court. Nor did Holloway create an actionable new right under federal law. The Eleventh Circuit has not even addressed the so-called Holloway Doctrine. Simply put, Holloway in no way controls this Court's ability or inclination to reduce Brewer's sentence. Accord United States v. Horton, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016) (observing that the Holloway Doctrine is not so much a doctrine as it is "a single case carrying no precedential weight in this court").

Upon the foregoing, Defendant's "Request for Immediate Release Under the Holloway Doctrine" (doc. 1133) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of April, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4