IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA     *
                             *
v.                           *     CR 696-004
                             *
KYLE MICHAEL BREWER          *

O R D E R

In July 1996, Defendant Kyle Michael Brewer was found guilty by a jury in a large-scale drug conspiracy. The Presentence Investigation Report attributed 1.925 kilograms of cocaine base to him. Using this amount, it was determined that Defendant's base offense level was 39. After applying enhancements for his role in the offense and obstruction of justice, his total offense level was 45. The offense level of 45 and a criminal history category of I yielded a guideline term of life imprisonment. On October 11, 1996, Defendant was sentenced to life imprisonment, plus a consecutive mandatory minimum term of 60 months for his conviction for use of firearm during a drug trafficking crime.

In 2012, it was determined that Defendant's total offense level on the drug conviction was lowered to 41 based upon a subsequent change to the applicable sentencing guidelines.[1] The

---

[1] Defendant's total offense level had previously been reduced from 45 to 43 pursuant to amendments to the crack cocaine Sentencing Guidelines; however, the amended guideline range remained life imprisonment. (See Doc. 850.)

amended guideline range became 324 to 405 months. However, upon consideration of the factors listed in 18 U.S.C. § 3553(a), the Honorable B. Avant Edenfield declined to reduce Defendant's sentence. (Doc. 991.)

On September 8, 2015, the Court again considered a reduction of sentence because the applicable offense level for his drug conviction was again reduced. This time Defendant's total offense level was lowered to 39 with an amended guideline range of 262 to 327 months. Upon consideration of the § 3553(a) factors, the Honorable Dudley H. Bowen, Jr., reduced his sentence to 327 months. (Doc. 1115.) The 60-month consecutive sentence for the firearm conviction remained unchanged. Thus, Defendant's total term of imprisonment became and is 387 months.

On February 8, 2019, Defendant filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 allows for a reduction of sentence based on the revised statutory penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. In other words, Section 404 of the First Step Act allows the court to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 2 of the

2

Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses. Section 3 of the Fair Sentencing Act eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine.

In this case, Defendant was sentenced under the United States Sentencing Guideline range applicable to his offense conduct involving 1.925 kilograms of cocaine base. Indeed, the amount of crack cocaine involved in Defendant's offense was far in excess of even the increased quantities necessary to trigger a statutory mandatory minimum sentence. Thus, the Fair Sentencing Act of 2010 would have had no effect on his sentence. Accordingly, the Court denied Defendant's motion to reduce sentence pursuant to the Fair Step Act.

At present, Defendant has filed a motion for reconsideration, arguing that the amount of cocaine attributable to him should be reduced to 346.5 grams, or 18% of the 1.925 kilograms originally attributed to him. Defendant presumably arrives at this calculation because the Fair Sentencing Act of 2010 modified the 100-1 powder cocaine to crack ratio existing in the law at the time of Defendant's sentencing to an 18-1 ratio.[2] To accomplish this reduction of the powder to crack disparity, the Fair Sentencing Act amended 21 U.S.C. § 841 by increasing the amount of

---

[2] Stated another way, it takes approximately 18 times as much powder cocaine as crack to trigger a given statutory minimum sentence or guidelines base offense level; under prior law, the ratio was 100 to 1.

3

cocaine base required to trigger mandatory minimum sentences. The Fair Sentencing Act also gave the United States Sentencing Commission emergency authority to amend the Drug Quantity Table in U.S.S.G. § 2D1.1, which establishes the base offense level for drug offenses. Here, Defendant has already received the benefit of amendments to the Drug Quantity Table from a prior determination that his amended guideline range was reduced, even though Judge Edenfield exercised his discretion to deny any reduction. Defendant also received the benefit of another amendment to the Drug Quantity Table in 2015 when Judge Bowen reduced his sentence to 387 months. Using the 1.925 kilogram amount, the Court determined that Defendant's total offense level was 39 in 2015. Using this same amount today, Defendant's total offense level remains 39.

In short, Defendant's contention on reconsideration that the amount of cocaine base attributable to him must somehow be reduced is simply erroneous. That is simply not how the changes in the law were effected.

At the conclusion of his motion for reconsideration, Defendant states that he wishes to present evidence respecting the factors of 18 U.S.C. § 3553(a) for resentencing purposes. Because the First Step Act of 2018 does not change the current advisory guidelines applicable to Defendant, and upon a thorough consideration of the nature and circumstances of the offense, as

4

well as the history and characteristics of this Defendant, the Court is not persuaded to reduce his sentence and therefore a hearing is not warranted.

Upon the foregoing, Defendant's motion for reconsideration (doc. 1172) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA