IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA                *
                                        *
v.                                      *       CR 696-004-02
                                        *
KYLE MICHAEL BREWER                     *

O R D E R

On April 30, 2019, the Court denied Defendant Kyle Michael Brewer's motion for reduction of sentence based upon Section 404 of the First Step Act of 2018, Publ. L. No. 115-391, 132 Stat. 5194.  The Court had determined that Brewer was ineligible for relief because his advisory guideline range had not been affected.  (Order of Apr. 30, 2019, Doc. 1170.)  The Court also denied Brewer's motion for reconsideration.  (Order of June 13, 2019, Doc. 1175.)  Brewer appealed.

On August 27, 2020, the Eleventh Circuit vacated the Court's Order of April 30, 2019 and the Reconsideration Order of June 13, 2020 based upon its intervening decision of United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), which clarified what qualifies as a "covered offense" for purposes of First Step Act application.

In the meantime, on September 30, 2020, the Bureau of Prisons ("BOP") granted Brewer release to home confinement based upon his

vulnerability to COVID-19.[1]  He is under the supervision of Miami RRM, a Residential Reentry Management field office located in Miami, Florida, and monitored under contract by Dismas Charities in Dania Beach, Florida.  According to BOP records, Brewer's supervision at RRM Miami is projected to terminate on September 7, 2023.  At present, Brewer seeks a reduction of sentence to time served so as to be released from home confinement and placed on supervised release.

## I.  BACKGROUND

In July 1996, Brewer was convicted by a jury for conspiracy to possess with intent to distribute and to distribute crack and powder cocaine (Count 1), distribution of crack cocaine (Count 5), employment of persons under 18 years of age to distribute crack

---

[1] On September 15, 2020, Brewer filed a "Supplemental Motion for Reduction of Sentence Pursuant to the First Step Act of 2018." The clerk's office mistakenly docketed this as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  In actuality, Brewer is reasserting his request for a reduction of sentence under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B), which appears in the docket on February 8, 2019 (doc. 1161) as supplemented by his filing on September 15, 2020 (doc. 1180).  Accordingly, the Clerk is directed to **TERMINATE** the motion for compassionate release (doc. 1180) and the Government's motion to dismiss Brewer's motion for compassionate release (doc. 1183).  As a matter of housekeeping, the Court **GRANTS** the Government's motion for leave to file an out-of-time post-Jones memorandum (doc. 1187), which has been duly considered herein.

cocaine (Count 8), and use of a firearm during a drug trafficking crime (Count 9).[2]

The Presentence Investigation Report attributed Brewer with 1.925 kilograms of crack cocaine. Using this amount, it was determined that Defendant's base offense level was 39. After applying enhancements for his role in the offense and obstruction of justice, his total offense level was 45. The offense level of 45 and a criminal history category of I yielded a guideline term of life imprisonment on the conspiracy count. Importantly, Brewer was subject to a mandatory term of imprisonment of ten years to life under 21 U.S.C. § 841(b)(1)(A)(iii). On October 11, 1996, Brewer was sentenced to life imprisonment on the conspiracy count, 20 years on the drug distribution count and 85 years on the employment-of-a-minor count, all to run concurrently. He was also sentenced to a consecutive mandatory minimum term of 60 months for his firearm conviction.

In 2012, it was determined that Brewer's total offense level on the drug conviction was lowered to 41 based upon a subsequent change to the applicable sentencing guidelines.[3] The amended

---

[2] Brewer was also convicted of Count 6 of the Indictment, but that conviction was vacated by the Eleventh Circuit Court of Appeals.

[3] Brewer's total offense level had previously been reduced from 45 to 43 pursuant to amendments to the crack cocaine Sentencing Guidelines; however, the amended guideline range remained life imprisonment. (See Doc. 850.)

3

guideline range became 324 to 405 months. However, upon consideration of the factors listed in 18 U.S.C. § 3553(a), the Honorable B. Avant Edenfield declined to reduce Brewer's sentence. (Doc. 991.)

On September 8, 2015, the Court again considered a reduction of sentence because the applicable offense level for his drug conviction was again reduced. This time Brewer's total offense level was lowered to 39 with an amended guideline range of 262 to 327 months. Upon consideration of the § 3553(a) factors, the Honorable Dudley H. Bowen, Jr., reduced his sentence to 327 months. (Doc. 1115.) The 60-month consecutive sentence for the firearm conviction remained unchanged. Thus, Brewer's total term of imprisonment became and is 387 months.

On February 8, 2019, Brewer filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act of 2018. The Court's denial of this motion was vacated by the Eleventh Circuit and remanded for reconsideration in light of the aforementioned Jones decision.

## II. FIRST STEP ACT ELIBILITY

Section 404(b) of the First Step Act allows for a reduction of sentence based on the revised statutory penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. Section 2 of Fair Sentencing Act of 2010 "modified the

4

statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in [21 U.S.C. §] 841(b)(1)(A)(iii) and (B)(iii)." Jones, 962 F.3d at 1298. Specifically, Section 2 changed the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum, under § 841(b)(1)(A)(iii), from 50 grams to 280 grams, and the quantity of crack cocaine necessary to trigger a five-year mandatory minimum, under § 841(b)(1)(B)(iii), from 5 grams to 28 grams. These reduced statutory penalties, however, did not apply retroactively to defendants who were sentenced before the effective date of the Fair Sentencing Act until passage of Section 404(b). Now, Section 2 of the Fair Sentencing Act may be applied retroactively to "impose a reduced sentence for defendants as if section 2 . . . of the Fair Sentencing Act . . . [was] in effect at the time the covered offense was committed."

The Jones court clarified what qualifies as a "covered offense" for purposes of First Step Act application, explaining that a movant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." Id. at 1301. As pointed out by the Eleventh Circuit, Brewer's offense conduct involving 1.925 kilograms of crack cocaine triggered the higher statutory penalty of § 841(b)(1)(A)(iii); thus, his offense is a covered offense and he is eligible for consideration for a sentence reduction under the First Step Act.

5

### III.  DISCUSSION

Even if a defendant is eligible for a reduction, nothing in the First Step Act "require[s] a court to reduce any sentence." First Step Act § 404(c).  Though the First Step Act would have the Court now consider Brewer's sentence in light of the statutory threshold increase from 50 to 280 grams, notably the new threshold is still exceeded by the amount of crack cocaine, 1.925 kilograms, attributed to Brewer at sentencing.  Thus, if sentenced today Brewer would still be subject to a statutory range of ten years to life imprisonment.  Moreover, Brewer's guideline range is unaffected.  His advisory guideline range remains 262 to 327 months, plus a 60-month consecutive term on the firearm charge. That said, the Court is authorized to reduce Defendant's sentence even below the advisory guideline range under § 3582(c)(1)(B). See United States v. Bell, 822 F. App'x 884 (11th Cir. 2020) (remanding the case because it was not clear whether the district court recognized its authority to reduce the defendant's sentence below the revised guideline range); Jones, 962 F.3d at 1305 ("[N]either the First Step Act nor section 3582(c)(1)(B) barred the district court from reducing [the defendant's] sentence below the revised guideline range.")

As stated, reduction in sentence under the First Step Act is discretionary.  See Jones, 962 F.3d at 1304 ("District courts have wide latitude to determine whether and how to exercise their

6

discretion in this context."). The Jones court indicated that in exercising its discretion, the district may consider all relevant factors including the sentencing factors of 18 U.S.C. § 3553(a). Id. at 1304.

The Court has carefully reviewed the Presentence Investigation Report, the sentencing record, and Brewer's records from the Bureau of Prisons. Indeed, "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." Pepper v. United States, 562 U.S. 476, 491 (2011). The Court has also received a report from the monitoring agency Dismas Charities, indicating that Brewer has performed well to this point under home confinement.

To begin, Brewer committed a serious drug offense involving a firearm. He was one of the most culpable of his 13 co-conspirators. He is the last of his drug ring to remain in custody.[4] Brewer is now 52 years old, having spent the last 25 years in continuous custody. He has two and a half years remaining, so he has served a vast majority of his sentence. He has health issues, suffering from diabetes and its complications, pulmonary hypertension, neuropathy, and obesity. His prison

---

[4] The other most culpable co-conspirator, Donnell Summersett, was released from prison in June 2017 after serving a life sentence reduced to 293 months.

7

disciplinary record is exemplary with only <u>one</u> infraction. His record of rehabilitation is noteworthy. He obtained his GED in short order. He took several courses for self-improvement and drug education; the Court particularly notes his interests in music and health maintenance. He has been living with his brother in Coconut Creek, Florida, for three months in compliance with the conditions of home confinement to include regular reporting and monitoring. Overall, the Court finds that a sentence of time served is sufficient but not greater than necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment and to afford adequate deterrence. It will also avoid unwarranted sentence disparities with defendants of similar records. Further, Brewer remains subject to eight years of supervised release on the same terms and conditions set at sentencing. He will be supervised by the United States Probation Office in Hollywood, Florida, Southern District.

### III.  CONCLUSION

Upon the foregoing, the Court concludes that Defendant Kyle Michael Brewer is entitled to a sentence reduction under Section 404 of the First Step Act. Accordingly, his motion for sentence reduction (doc. 1161) is **GRANTED**. Defendant Brewer's sentence is hereby reduced to **TIME SERVED** effective immediately. All other terms and conditions of Defendant's Amended Judgment entered on

February 10, 2000 (Doc. 513) remain in effect. The Amended Judgment shall be served with the service copy of this Order upon the following:

Kyle Michael Brewer
c/o Curtis Miller
4931 Sample Road
Building 3, Apt. 111
Coconut Creek, FL 33073

Dismas Charities
141 NW 1st Avenue
Dania Beach, FL 33004

Brian Brownstein
Supervising U.S. Probation Officer
6565 Taft Street, Suite 300
Hollywood, FL 33024

**ORDER ENTERED** at Augusta, Georgia, this 5th day of January, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA